

**FILED**
**APRIL 14, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37829-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN LEE DANNER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Brian Danner appeals an amended judgment and sentence, arguing that the judgment and sentence documents contain a scrivener's error. Specifically, Danner contends that a notation in the caption of the judgment, directing the clerk to take action on paragraph 5.8, was erroneous. While the caption contains this boiler plate language, the option box at the beginning of paragraph 5.8 was not checked, clearly indicating that the paragraph did not apply to Danner. We find no error and affirm.

BACKGROUND

On May 3, 2020, Sergeant Kurt Vigesaa, a police officer for the Spokane Police Department, conducted a traffic stop in the Gonzaga University-Logan area for lack of license plates. The stopped vehicle was a dark blue Chevrolet HHR, driven by Brian Danner. After the suspect vehicle pulled over, Sergeant Vigesaa deactivated his

emergency lights and pulled up next to the stopped vehicle. Sergeant Vigesaa had a brief conversation with the driver, inquiring his name, to which Mr. Danner responded, "Cory Gabriel Via [date of birth]." Clerk's Papers (CP) at 51. Mr. Danner stated the Chevrolet HHR lacked license plates because the vehicle was recently purchased. Sergeant Vigessa ended the contact and drove away. While driving, Sargeant Vigessa checked a database for the name "Cory Via," and determined Mr. Danner did not match the booking photo for Cory Via. Sergeant Vigessa later spotted the Chevrolet HHR driving recklessly, nearly causing a collision and accelerating to 55 to 65 miles per hour in a 30 mile per hour zone. After the vehicle slammed on its brakes and skidded to make a turn on Baldwin Avenue into a residential area, Sergeant Vigessa activated his emergency lights and sirens to conduct a second traffic stop. The driver failed to pull over and sped dangerously through uncontrolled intersections along Baldwin Avenue at 60 miles per hour in a 25 mile per hour zone. Sergeant Vigessa subsequently deployed the StarChase GPS device and stopped pursuit, monitoring the location of the Chevrolet HHR using StarChase mapping for a total of 6 minutes. The vehicle was tracked to an apartment complex where Sargeant Vigessa found the Chevrolet HHR parked and unoccupied. A silver Hyundai, driven by Jason Kiss, was later observed arriving at the apartment complex and leaving with two individuals exiting the apartments. An additional traffic stop was conducted on the silver Hyundai for speeding at a "very high rate." Report of Proceedings (Rosadovelazquez) at 202. Mr. Danner, a passenger in the silver Hyundai,

2

was subsequently arrested by Sergent Vigessa. Mr. Danner admitted to police the Bulova eyeglasses case found in the center console of the silver Hyundai contained his "personal amount" of heroin and estimated using two grams of heroin a day.

A jury found Mr. Danner guilty of attempting to elude a police vehicle as charged in Count No. 1, and possession of a controlled substance as charged in Count No. 2. The jury returned a special verdict finding Mr. Danner's actions in eluding the police vehicle endangered one or more persons other than Mr. Danner or the pursuing police officer.

The court entered a judgment of conviction and imposed a consecutive sentence of 65 months (41 months on Count No. 1 and 24 months on Count No. 2). Within the caption of the judgment and sentence, the judge checked a box before preprinted language indicating "Clerk's Action Required, para 2.1, 4.1, 4.3, 4.8, 5.2, 5.3, 5.5, 5.7, and 5.8[.]" CP at 62. Within the judgment, some of these delineated paragraphs included additional check marks requiring clerk action. However, within the document, Paragraph 5.8, captioned "Department of Licensing Notice—Defendants under age 21 only," was left unchecked. CP at 75.

Mr. Danner filed a notice of appeal seeking review of all portions of his judgment and sentence on October 26, 2020. After the notice of appeal was filed, the State successfully moved the court to resentence Mr. Danner pursuant to *Blake*.[1] The trial

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

court vacated Mr. Danner's charge for possession of a controlled substance and entered a new judgment and sentence. The court imposed a new sentence of 41 months. The first page of the amended judgment and sentence similarly includes a checkmark for "Clerk's Action Required, para 2.1, 4.1, 4.3, 4.8, 5.2, 5.3, 5.5, 5.7, and 5.8[.]" CP at 103. Again, within the document, Paragraph 5.8, does not contain a checkmark. Mr. Danner appeals.

The only issue raised on appeal is whether the caption of the judgment and sentence incorrectly directed the court clerk to take action according to paragraph 5.8. This paragraph directs the court clerk to notify the department of licensing that the defendant committed particular crimes when under the age of 21 that will affect the defendant's licensing status. The paragraph, like many other paragraphs within the judgment and sentence, begins with an empty check box. When the judge finds that the paragraph is relevant and applicable, the checkbox is marked by the judge. In this case, the check box at the beginning of paragraph 5.8 was left blank. Thus indicating that the paragraph did not apply in Danner's case and the clerk should not take any action according to paragraph 5.8.

Danner argues that the caption directs otherwise, but he does not allege or argue that the court clerk actually notified the department of licensing to take adverse action according to paragraph 5.8. Moreover, the judge in this case clearly established that Danner was 48 years old at the time he committed the current offense and paragraph 5.8 would not apply.

We find no error and affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, C.J.